IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. MJG 03-219 |
| RITA L. BOOKS, et al., | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Plumbers and Steamfitters Local 486 Medical Fund (hereinafter referred to as "the Medical Fund"), by and through its counsel, Kimberly L. Bradley, Corey Smith Bott and the law firm of Abato, Rubenstein and Abato, P.A. hereby file this opposition to Defendant, Nathaniel Fick, P.C. Client Trust Account's Motion to Dismiss, and for its reasons therefor state:

**<u>STATEMENT OF FACTS</u>**

1.     Plaintiff, by its trustee and fiduciary, filed a Complaint for Declaratory Judgment and Request for Injunctive Relief on January 23, 2003.

2.     The complaint sought imposition of a constructive trust over money held in trust for Rita L. Books and/or Roger Books as appropriate equitable relief to redress a violation of employee benefit plan terms pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3).

3. In order to protect the money over which the Plaintiff sought to impose a constructive trust, Plaintiff also filed a request and supporting memorandum for a temporary restraining order and/or preliminary injunction and accelerated discovery.

4. The five Defendants named in the complaint were: Rita L. Books, Roger Books, Nathaniel Fick, Esquire, Fick & Petty Escrow Account, and Personal Injury Trust for the benefit of Rita L. Books.

5. The Court scheduled a hearing on the motion for injunctive relief for January 28, 2003 that was rescheduled for January 29, 2003.

6. On January 28, 2003 Counsel for Defendants provided Counsel for Plaintiff with the proper name for the Client Trust Account.

7. During the hearing on January 29, 2003, with the assistance of the Honorable Marvin J. Garbis, the parties agreed to the following:

    a. deposit of the money at issue with the Court;

    b. dismissal of two parties to the complaint;

    c. a standard scheduling order.

8. Counsel for Defendant requested that the three parties other than Mr. and Mrs. Books be dismissed.

9. Counsel for Plaintiff agreed to the dismissal of Mr. Fick, personally and the dismissal of the Escrow Account.

10. Counsel for Plaintiff, however, specifically objected to the dismissal of the Defendant Trust Account on the grounds that judicial interpretation of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) requires an action brought

by a fiduciary to enforce plan terms to be brought against the entity in possession of the property over which a constructive trust is to be imposed in order to be properly classified as an equitable remedy.

  11. On January 29, 2003, subsequent to the hearing on the matter for preliminary injunction the Court ordered the following:

    a. Nathaniel Fick, Esquire was required to remit $57,395.60 to the Clerk of Court to be held in an interest bearing federally insured account to be disbursed pursuant to further Order;

    b. All claims were dismissed against Defendants Nathaniel Fick, Esquire and the Fick and Petty, P.C. Escrow Account (only);

    c. Dispositive Motions were to commence on April 1, 2003.

  12. On February 26, 2002 Plaintiff filed an Amended Complaint for Declaratory Judgment properly naming the third remaining defendant as "Nathaniel Fick, P.C. Client Trust Account (Amounts Held In Trust for Rita Books)."

  13. On March 14, 2003 Defendant Nathaniel Fick, P.C. Client Trust Account filed a motion to dismiss the amended complaint.

## **ARGUMENT**

Defendant appears to have moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  In reviewing such a motion, the Court determines whether the complaint, under the facts alleged, and any facts that

could be proved in support thereof, is legally sufficient. Eastern Shore Markets, Inc. v. J.D. Assoc., Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000)(citing Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir, 1991).  Because only the legal sufficiency of the complaint is tested, the Court assumes the truth of all facts alleged in the complaint, and the existence of any fact that can be proved therefrom. Id. (citations omitted).  In addition, the facts are to be construed in the light most favorable to the non-moving party.  Id.

Defendant alleges as its grounds for dismissal that the party's "inclusion is contrary to this Court's Order", that there is "no other substantial basis whatsoever for any client account …to be named as a Defendant in any Amended Complaint" and that the "Amended complaint is improper." Defendant's argument is wholly unsubstantiated and is in direct conflict with the terms of an Order of this Court.

Plaintiff properly asserted its claim against Nathaniel Fick, P.C. Client Trust Account pursuant to § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) and pursuant to this Court's Order.  According to Section 502(a)(3) of ERISA , a civil action may be brought by a fiduciary to obtain appropriate equitable relief to redress a violation or enforce any provisions of the terms of the plan.  In Great West Life & Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court interpreted "appropriate equitable relief" as it is used in Section 502(a)(3) to afford a cause of action in very limited circumstances.  The Court went to great lengths to explain the archaic distinctions between legal and equitable remedies

---

[1] Defendant's Motion to Dismiss fails to articulate its grounds for asserting its motion to dismiss. Plaintiffs infer from Defendant's argument that it moves to dismiss for an alleged failure to state a

and their respective applications in modern jurisprudence.  Specifically, Justice Scalia, in delivering the opinion of the Court, explained that equitable relief is available in the form of a constructive trust "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. at 213 (citations omitted).  Justice Scalia distinguished equitable relief from the legal relief the petitioners sought which was deemed to impose a contractual obligation of personal liability to pay money due.  Id. at 212-213.

In the present case, Plaintiff seeks to obtain appropriate equitable relief to enforce the terms of its plan pursuant to Section 502(a)(3) of ERISA.  That relief, according to the Supreme Court, is only available in an action brought against particular funds or property in a particular defendant's possession.  Failure to bring the action against the proper party, therefore, is fatal to the Funds cause of action.  Specifically, if Plaintiff were to seek restitution from Mr. and Mrs. Books, it would be seeking to enforce a contractual obligation to pay money past due, a cause of action not recognizable as appropriate equitable relief under current interpretation of Section 502(a)(3) by the United States Supreme Court.  There is substantial basis, therefore, for the inclusion of Nathaniel Fick, P.C. Client Trust Account as a defendant in this matter.  In fact, the inclusion of Nathaniel Fick, P.C. Client Trust Account is both essential and proper and constitutes a well-pleaded claim for which Plaintiff is entitled to relief.  Moreover, viewing these facts in favor of the Fund, it is clear that the Defendant's motion to dismiss is without merit.

---

claim upon which relief can be granted.

5

Defendant, Nathaniel Fick, P.C. Client Trust Account asserts that "all claims against Nathaniel Fick or accounts or trusts held by Nathaniel Fick as counsel for the Books, were to be dismissed." See, Defendant's Motion to Dismiss at ¶ 7. Defendant's contention relies on an inaccurate summation of the agreement among the parties, ignores Counsel for Plaintiff's specific reservation of its claim as to the Trust Account and mischaracterizes the Order of the Court. See, Order of the Court dated January 29, 2003 at ¶ 3. Indeed, the Order specifically dismisses all claims against "Nathaniel Fick, Esquire and the Fick and Petty Escrow Account" only. Id. No other Defendants were dismissed by the Court's' Order, nor should they be dismissed.

## CONCLUSION

Plaintiff's Amended Complaint presents facts that are legally sufficient to state a claim upon which relief can be granted. Defendant, Nathaniel Fick, P.C. Client Trust Account is a proper defendant which has not been dismissed by agreement among the parties or Order of this Court. Dismissal of Defendant Nathaniel Fick, P.C. Trust Account would be fatal to Plaintiff's cause of action for appropriate equitable relief under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) and would frustrate the interests of justice.

WHEREFORE, Plaintiff respectfully requests that Defendant's motion to dismiss be DENIED.

Respectfully submitted,

_____/s/_____
Kimberly L. Bradley
Bar No. 23653

6

_____/s/_____
Corey Smith Bott
Bar No. 25673
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990

Attorneys for Plumbers and Steamfitters
Local 486 Medical

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2003 a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Dismiss, and the accompanying proposed order Denying Defendant's Motion to Dismiss, were sent electronically to:

Nathaniel Fick, Esquire
Fick and Petty, P.C.
1426 East Joppa Road
Towson, Maryland 21286-5982

Attorney for Defendant Nathaniel Fick, P.C. Client Trust Account

_____/s/_____
Corey Smith Bott