IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| PLUMBERS AND STEAMFITTERS<br>LOCAL 486 MEDICAL FUND,<br>by its Trustee,<br>Bernard J. Vondersmith | * * * * | |
| Plaintiff | | |
| v. | * * | CIVIL ACTION NO. MJG 03-219 |
| RITA L. BOOKS<br>and<br>ROGER BOOKS<br>and<br>NATHANIEL FICK, P.C.<br>CLIENT TRUST ACCOUNT | * * * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \*

ORIGINAL ANSWER
ON BEHALF OF
NATHANIEL FICK, P.C. CLIENT TRUST ACCOUNT
TO PLAINTIFF'S AMENDED COMPLAINT
FOR DECLARATORY JUDGMENT AND REQUEST FOR INJUNCTIVE RELIEF

AND

AMENDED ANSWER
ON BEHALF OF RITA L. BOOKS AND ROGER BOOKS

Defendant, Nathaniel Fick, P.C. Client Trust Account, files this original answer to plaintiff's, Plumber and Steamfitters Local 486 Medical Fund, Amended Complaint, and defendants Roger Books and Rita Books file this Amended Answer, and state:

ADMISSIONS & DENIALS

1. The Defendants deny the averments in Paragraph 1 of the Amended Complaint. The action, as presented, is instead an action at law, for money damages, sought from any

      potential source — Rita Books who received a recovery of damages in the underlying action; Roger Books who received nothing in or from the underlying action, and the Nathaniel Fick, P.C. Client Trust Account which holds no assets and has no interest in these proceedings.

2. The Defendants deny the averments in Paragraph 2 of the Amended Complaint.

3. The Defendants admit that this action is being brought by a fiduciary, but defendants deny the remainder of the averments in Paragraph 3 of the Amended Complaint.

4. The Defendants admit the averments in Paragraph 4 of the Amended Complaint.

5. The Defendants admit the averments in Paragraph 5 of the Amended Complaint.

6. The Defendants admit the averments in Paragraph 6 of the Amended Complaint.

7. The Defendants admit the averments in Paragraph 7 of the Amended Complaint.

8. The Defendants admit the averments in Paragraph 8 of the Amended Complaint.

9. The Defendants deny the averments in Paragraph 9 of the Amended Complaint, and further avers that this is known to the fiduciary Plaintiff and is patently untrue, rendering the action which is here presented unfounded and frivolous. Further, Plaintiff sued defendant in the wrong capacity because defendant does not have the capacity to defend as the action is not *in rem* and Plaintiff has accepted accord and satisfaction as to the defendants by agreement of transfer of funds into escrow with the Court.

10. The Defendants admit the averments in Paragraph 10 of the Amended Complaint, and that Roger Books was "the Participant" and Rita Books a "dependant".

11. Paragraph 11, as an incorporation paragraph, requires no admission, no denial, and stands as a blending statement, solely.

12. The Defendants admit the averments in Paragraph 12 of the Amended Complaint, and that Roger Books was "the Participant" and Rita Books a "dependant".

13. The Defendants admit the averments in Paragraph 13 of the Amended Complaint.

14. The Defendants admit the averments in Paragraph 14 of the Amended Complaint to the extent that the "benefits provided" as referenced by Plaintiff are benefits by and through the Medical Fund.

15. The Defendants deny the averments in Paragraph 15 of the Amended Complaint, and suggest that the corrected amount as described by the Medical Fund and now deposited into court is instead $57,395.60. Further, it is unknown whether they were paid "on behalf of" Roger Books as "the Participant" or "on behalf of" Rita Books as a "dependant".

16. The Defendants admit the averments in Paragraph 16 of the Amended Complaint as to the execution of the Subrogation Agreement, between Mr. Books and the Medical Fund, and "wherein he acknowledged" an obligation on his part to repay the Medical Fund <u>if he recovered any damages from an insurance company or from the third party</u>, *which he did not*.

17. The Defendants admit the averments in Paragraph 17 of the Amended Complaint.

18. The Defendants deny the averments in Paragraph 18 of the Amended Complaint as to the creation of a "trust", and instead here advise that a portion of the resolution was the creation of a structured settlement.

19. The Defendants admit the averments in Paragraph 19 of the Amended Complaint as to receiving periodic payments as a result of a structured settlement.

20. Paragraph 20, as an incorporation paragraph, requires no admission, no denial, and stands as a blending statement, solely.

21. The Defendants admit that the Medical Fund here seeks various relief, but denies that the monies received are in any way reimbursement of funds to which the Medical Fund has any entitlement.

22. The Defendants are unable to admit or deny to the averments in Paragraph 22 of the Amended Complaint. To the extent a response is required, the allegations are denied.

### AFFIRMATIVE DEFENSES

Defendant, Nathaniel Fick, P.C. Client Trust Account, and defendants Roger Books and Rita Books, hereby assert the following affirmative defenses:

23. The Defendants are not liable to plaintiff because there is an absence of remedy against the Client Trust Account due to the full amount of the funds in dispute having already been placed, by agreement of the parties, into escrow and those funds now being under the supervision and control of the Court.

24. The Defendants are not liable to plaintiff because of waiver. Plaintiff was at all times aware of the date of injury, the fact that the injury was believed to have been caused

by an actionable tort, that there was a 3 year statute of limitation applicable to that tort, and that they had a right of intervention to define or assure prosecution of what Plaintiff might view as its particular interests; in electing to not intervene, by passage of time, Plaintiff has waived such claims and rights to now assert the claim and any priority. Plaintiff elected to not seek to intervene in the action filed. Plaintiff elected to take no steps to define or secure its position or priority (or lack of priority) as to any recovery from the action filed.

25. The Defendants are not liable to plaintiff because of laches. Plaintiff was at all times aware of the date of injury, the fact that the injury was believed to have been caused by an actionable tort, that there was a 3 year statute of limitation applicable to that tort, and that they had a right of intervention to define or assure prosecution of what Plaintiff might view as its particular interests; in electing to not intervene, by passage of time, Plaintiff has effectively waived and should be here barred as to such claims and rights in now seeking to assert the claim and in now seeking any priority. Plaintiff elected to not seek to intervene in the action filed. Plaintiff elected to take no steps to define or secure its position or priority (or lack of priority) as to any recovery from the action filed.

26. The Defendants are not liable to plaintiff because of payment. Plaintiff took from Roger Books' pay (through employment payroll deduction) a sum as premium, upon which is accorded benefits to Roger Books as Participant, and to whomever by definition of relationship might is qualified as a dependant, thereby accepting such premium as payment for assuming certain responsibilities and risks. Included among those risks were the fact that the injurious event might not be as a result of the negligence of a third party, and that the Participant (or dependant) might not actively or successfully prosecute a claim, or that the Participant or Dependant might narrowly elect to pursue certain remedies, but not all available remedies. The Participant and the Dependant, as the very most, might be called upon to not actively prejudice a right of intervention or self-elected course of possible actions by Plaintiff, none of which were taken, secured, or actively pursued. Defendants assert that no prejudicial action was taken to any actionable right of Plaintiff.

27. The Defendants are not liable to plaintiff because the statute of limitations has run on plaintiff's claims. The subrogation agreement which Roger Books signed with Plaintiff was executed on June 25, 1998, approximately one month following the May 20, 1998 accident in which his wife, Rita Books, sustained serious injuries. It is not disputed that the Plaintiff Plan paid health benefits and other medical expenses and costs as of the time of that injury. The bulk of the subrogation amount it now seeks concerns payments it made at that time. Therefore, its claim for such payments or contention that it would seek subrogation, should have been filed on or before the

expiration of three years from the time those payments were made. However, the present matter was not brought by Plaintiff until January 23, 2003.

28. The Defendants are not liable to plaintiff because of duress. Defendant Roger Books was pressed by Plaintiff into signing the June 25, 1998 subrogation agreement. This agreement was not only unnecessary since the Plan language contains a subrogation provision, but it was also a further effort by Plaintiff to bully Defendant Books into declaring on behalf of Plaintiff its full and first priority to subrogation rights, when such matters as to the nature, validity, extent, and priority of an insurer's subrogation rights are a matter of law. The June 28, 1998 subrogation agreement thus is unnecessary, improper, and an exercise in overreaching, and does not bind this Court.

29. The Defendants are not liable to plaintiff because plaintiff's claims are barred by the "Made Whole Doctrine." Although the settlement of the underlying matter between Rita Books and the negligent driver (as Defendant) was in the amount of $624,720, that settlement did not make Rita Books whole. Therefore, the "Made Whole Doctrine," assuming that it can be applied here, the subrogation asserted by Plaintiff Plan either cannot be honored or cannot be honored in full. Defendants will establish at an evidentiary hearing that the settlement of the underlying matter does not represent the full and complete value to be assigned to pending claims at the time of settlement.

30. The Defendants are not liable to plaintiff because plaintiff's claim for injunctive relief is moot as the Order declared by this Court on January 30, 2003 states. The Court's Order of January 30, 2003 required counsel for Rita Books to place the $57,395.60 in escrow in an interest-bearing account, dismissed all claims against counsel for Rita Books (and as counsel for Roger Books in the pending matter) and counsel's escrow fund, and expressly declared the relief of temporary restraining order and preliminary injunction as moot.

31. The Defendants are not liable to plaintiff because Nathaniel Fick, P.C. Client Trust Account holds no funds and has no interest and nothing to account for in these proceedings.

32. The Defendants are not liable to plaintiff because of lack of privity.

### PRAYER

33. For these reasons, defendants ask the court to do the following:

    a. Render judgment that plaintiff take nothing.

    b. Dismiss plaintiff's suit with prejudice.

     c.     Assess costs against plaintiff.

     d.     Award defendants attorney fees.

     e.     Award defendants all other relief to which each is entitled.

Date: 5/23/03

NATHANIEL FICK
Bar No. 01822
Fick & Petty
1426 East Joppa Road
Towson, Maryland 21286-5982
410-321-6000
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Defendants respectfully request that this matter be set forth for trial before a jury of all issues raised by the Amended Complaint and causes of action as alleged, as are triable to a jury.

Date: 5/23/03

NATHANIEL FICK
Bar No. 01822

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2003, I mailed, postage prepaid, a copy of this Original Answer On Behalf of Nathaniel Fick, P.C. Client Trust Account To Plaintiff's Amended Complaint For Declaratory Judgment and Request for Injunctive Relief And Amended Answer On Behalf of Rita L. Books and Roger Books and Request for Jury Trial, to:

COREY SMITH BOTT, Esquire
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, MD  21286
Attorney for Plaintiff

_____
NATHANIEL FICK