IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, by its Trustee, Bernard J. Vondersmith<br><br>    Plaintiff<br><br>v.<br><br>RITA L. BOOKS<br>and<br>ROGER BOOKS<br><br>and<br><br>NATHANIEL FICK, P.C.<br>CLIENT TRUST ACCOUNT<br><br>    Defendants | CIVIL ACTION NO.<br><br>MJG 03-219 |

* * * * *

RITA L. BOOKS
and
ROGER BOOKS

    Counter-Plaintiffs

v.

PLUMBERS AND STEAMFITTERS
LOCAL 486 MEDICAL FUND

    Counter-Defendants

* * * * * * * *

**COUNTERCLAIM ON BEHALF OF
RITA L. BOOKS AND ROGER BOOKS**

1

RITA L. BOOKS and ROGER BOOKS (Counter-Plaintiffs), by their undersigned counsel Nathaniel Fick, and proceeding under applicable rules, here submits this counterclaim against Plumbers and Steamfitters Local 486 Medical Fund (Counter-Defendant). And Counter Plaintiffs state:

## I. PARTIES

1. Rita L. Books ("Ms. Books") is a citizen of the United States, an adult resident of the State of Maryland and is competent to proceed with this action.

2. Roger Books ("Mr. Books") is a citizen of the United States, an adult resident of the State of Maryland and is competent to proceed with this action.

3. Plumbers and Steamfitters Local 486 Medical Fund ("the Fund" or "the Plan") is an entity of Local 486 and is authorized to operate as a health plan or medical fund for members of Local 486 and their immediate family members or dependents as appropriate.

## II. JURISDICTION AND VENUE

4. The amount claimed in this counterclaim exceeds any required jurisdictional amount for jurisdiction in the Federal District Courts.

5. Venue is appropriate in this Court in that this Court is considering a Complaint by the Plumbers and Steamfitters Local 486, as Plaintiff, against Rita Books and Roger Books, seeking recovery in subrogation of a sum expended for certain medical care of Rita Books related to injuries she sustained in a vehicle accident, which subrogation claim exceeds $57,000.

## III. BACKGROUND AND ALLEGATIONS

6. Roger Books is a member of Plumbers and Steamfitters Local 486.

7. Rita Books is the wife of Roger Books and was his wife during all relevant events.

8. Roger Books and Rita Books were covered under a health plan administered by or for the members of Local 486, which health plan was in force during all relevant events.

9. Payment for the health plan is made through automatic deductions from wages received by Local 486 Members, including Roger Books.

10. On or about May 20, 1998, Rita Books sustained serious injuries in a vehicle accident in Maryland, which was the fault of a negligent driver.

11. Rita Books underwent hospital care and medical treatment, as a result of the injuries she sustained in this accident, which treatment was paid for, in whole or part, by Local 486 Medical Plan.

12. On June 25, 1998, a month or so after the accident, Mr. Books signed a subrogation agreement with the health plan as to his wife's injuries and health expenses paid out by the plan, supposedly confirming the health plan's subrogation interests, and assuring that if <u>he</u> were to receive money (damages) from an insurance company or from the third party as a result of a settlement or award, that he acknowledged the Plan must be reimbursed for any expenses that it paid in connection with the Injury.

13. Ms. Books never signed any such subrogation agreement.

14. The standard subrogation clause of the health plan policy is:

> If you or one of your Dependents...is injured...by a third party...the Plan will pay covered benefits as usual. If **you** recover damages from an insurance company or from the third party as a result of a settlement or award for the Injury, the Plan must be reimbursed for any expenses that it paid in connection with the Injury. [Emphasis added].

15. Rita Books and Roger Books subsequently brought an action, by undersigned counsel, against the negligent driver. This action included Rita Books' personal injury action, and

a separate claim presented by Rita and Roger Books as husband and wife, the loss of consortium claim. During the pendency of these claims, Roger Books filed a voluntary dismissal of his action.

16. Thereafter, Rita Books' claim against the negligent driver was settled for $650,000.

17. Following the settlement, the Plan sought to recover its subrogation claim which is in the amount of $57,395.60.

18. This subrogation amount was not immediately paid by the Books nor has the amount at present been paid, the Books claiming various legal defenses to payment of this sum.

19. The plan brought an action in this Court, filed January 23, 2003, naming everyone as defendants: Rita Books, Roger Books, counsel for Rita Books and Roger Books, and the escrow account or trust account which would be holding the full settlement figure prior to eventual distribution. (No. MJG-03-219) (An Amended Complaint was submitted on February 26, 2003).

20. The Plan's action is for constructive trust, declaratory judgment, and injunctive relief, and the Plan also claimed that the health plan is an ERISA plan and thus is governed by ERISA standards, and asserted other requirements bringing it within the scope and effect of ERISA.

21. Following a conference with the District Court regarding the matter, this Court entered an Order on January 30, 2003 which required counsel for the Books to place the $57,395.60 in escrow in an interest-bearing account, dismissed all claims against Books' counsel and counsel's escrow fund, and among other things, set dates for summary judgment motions.

22. The Plan's action against the Books is still pending before this Court and the sum in dispute which the Plan claims by subrogation remains in escrow.

23. As this matter has proceeded, the Plan has taken other action supposedly to pressure Rita and Roger Books to submit the subrogated sum which the Plan claims.

24. The Plan has failed or refused to make payments on other health benefits or health related expenses either related to Rita Books and her continuing medical treatment and injuries, or as to other members of the Books family or household covered by the Plan, and which expenses are within Plan coverage.

25. This failure or refusal by the Plan to make payments on other covered medical costs has required the Books to expend other sums to cover these payments in order to avoid threatened legal action by these health care providers.

26. The Plan has indicated to Roger Books that it may not renew his policy or health benefits.

27. The Plan has taken other obstructionist positions regarding coverage, payment, and other matters involving the Plan and the Books.

28. However, the Plan has continued to receive premiums from Mr. Books for the Plan, through continued automatic deductions from his wages.

29. These actions by the Plan have caused Rita and Roger Books to suffer monetary loss, mental and emotional distress, and other consequences.

30. These actions by the Plan were not the appropriate or fair result of any actions taken by Rita and Roger Books, which coverage remains in force and thus the Plain's responsibilities to the Books under the policy is ongoing.

## COUNT I--BREACH OF CONTRACT

1. Counter Plaintiffs here incorporate all facts and allegations as described above.

2. The actions by the Plan in failing or refusing to pay covered medical costs since the dispute over its subrogation amount, and other similar conduct, directly contravenes the Plan's responsibility under the policy.

3. The actions by the Plan in failing or refusing to pay covered medical costs otherwise are not authorized by the policy.

4. The actions by the Plan therefore constitute a breach of contract in each and every instance of refusal by the Plan to pay or reimburse for a covered medical costs or expense, which has resulted in monetary loss, mental and emotional distress, and other consequences.

5. Counter Plaintiffs assert upon information and belief that the Plan, on an indefinite basis so long as this dispute over the subrogation amount continues, will likewise continue to fail or refuse to pay covered medical costs to the Books for any future medical costs incurred, which amount could be substantial.

THEREFORE, Counter Plaintiffs Rita and Roger Books request of this Court that it award damages for them and against Counter Defendant Plan of One Hundred Thousand Dollars ($100,000).

## COUNT II--FRAUD

1. Counter Plaintiffs here incorporate all facts and allegations as described above.

2. The actions by the Plan in failing or refusing to pay covered medical costs since the dispute over its subrogation amount, and other similar conduct, directly contravenes the Plan's responsibility under the policy.

3. This conduct by the Plan constitutes a failure by the Plan to meet its responsibilities under the policy while at the same time receiving premiums from Roger Books by means of automatic deduction from his wages.

4. The receipt of wages by the Plan from Roger Books constitutes a promise by the Plan to perform under the policy, which promise the Plan does not intend to perform, and which it knew it would not perform during each instance in which premiums have been received since the Plan has engaged in the alleged conduct, and thus constituting either individual instances of fraud or continuing fraud by the Plan against Roger Books and Rita Books.

5. The actions by the Plan therefore constitute fraud that has resulted in monetary loss, mental and emotional distress, and other consequences.

6. Counter Plaintiffs assert upon information and belief that the Plan, on an indefinite basis so long as this dispute over the subrogation amount continues, will likewise continue to fail or refuse to pay covered medical costs to the Books for any future medical costs incurred, which amount could be substantial, and thus this fraud will be continuing and ongoing.

THEREFORE, Counter Plaintiffs Rita and Roger Books request of this Court that it award damages for them and against Counter Defendant Plan of Three Hundred Thousand Dollars ($300,000).

## COUNT III--INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Counter Plaintiffs here incorporate all facts and allegations as described above.

2. The actions by the Plan in failing or refusing to pay covered medical costs since the dispute over its subrogation amount, and other similar conduct, directly contravenes the Plan's responsibility under the policy.

3. This conduct by the Plan constitutes a failure by the Plan to meet its responsibilities under the policy while at the same time receiving premiums from Roger Books by means of automatic deduction from his wages.

4. The receipt of wages by the Plan from Roger Books constitutes a promise by the Plan to perform under the policy, which promise the Plan does not intend to perform, and thus constituting fraud and/or breach of contract by the Plan against Roger Books and Rita Books.

5. The actions by the Plan therefore constitute individual instances of breach of contract or fraud, or ongoing breach of contract or fraud, that has resulted in monetary loss, mental and emotional distress, and other consequences.

6. Counter Plaintiffs assert upon information and belief that the Plan, on an indefinite basis so long as this dispute over the subrogation amount continues, will likewise continue to fail or refuse to pay covered medical costs to the Books for any future medical costs incurred, which amount could be substantial, and thus this breach of contract or fraud will be continuing and ongoing.

7. Counter Plaintiffs further assert that this conduct by the Plan is unjustified, improper, extreme, and outrageous, and that the Plan has intentionally and deliberately engaged in this conduct with the intent to injure Plaintiffs or to cause them emotional distress.

8. Counter Plaintiffs further assert that this conduct has produced and reasonably is intended to produce, severe and direct mental and emotional distress upon Rita Books and Roger Books, who are unsure of whether they will have health coverage, whether their policy will be cancelled or revoked, whether they will be able to count upon the Plan for payment of medical

costs, and whether they will have to personally cover and incur present and future medical costs for Rita Books, Roger Books, and other family members.

9.   These concerns have been a daily matter with Counter Plaintiffs and have continued since the Plan has undertaken this extreme and unjustified conduct, resulting in daily anxiety for the Books.

10.   This mental and emotional distress suffered by Rita Books and Roger Books thus is presently occurring and is expected to occur for the foreseeable future, so long as the Plan persists in its conduct, although the mental distress has already occurred due to the Plan's conduct.

THEREFORE, Counter Plaintiffs Rita and Roger Books request of this Court that it award damages for them and against Counter Defendant Plan of Three Hundred Thousand Dollars ($300,000).

## PUNITIVE DAMAGES

The mental and emotional distress caused by the Plan conduct is deliberate, wailful, directed at Plaintiffs, and undertaken with malice or with reckless disregard, and thus with an intent to injure Plaintiffs. Therefore, Plaintiffs demand further punitive damages of Three Hundred Thousand Dollars ($300,000).

RESPECTFULLY SUBMITTED,

Date: June 17, 2003

NATHANIEL FICK
Bar No. 01822
Fick & Petty
1426 East Joppa Road
Towson, Maryland 21286-5982
410-321-6000
Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Defendants respectfully request that this matter be set forth for trial before a jury of all issues raised by the Counterclaim and causes of action as alleged, as are triable to a jury.

Date: _____

_____
NATHANIEL FICK
Bar No. 01822

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th of June, 2003, I mailed, postage prepaid, a copy of this Counterclaim On Behalf of Rita L. Books and Roger Books and Request for Jury Trial, to:

>   COREY SMITH BOTT, Esquire
>   Abato, Rubenstein and Abato, P.A.
>   809 Gleneagles Court, Suite 320
>   Baltimore, MD 21286
>   Attorney for Plaintiff

_____
NATHANIEL FICK