IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. MJG 03-219 |
| v. | * |
| RITA L. BOOKS, et al., | * |
| Defendants. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Plumbers and Steamfitters Local 486 Medical Fund (hereinafter "Fund"), by and through their attorneys Kimberly L. Bradley, Corey Smith Bott and the law firm of Abato, Rubenstein and Abato, P.A., have filed herewith a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This memorandum of points and authorities is offered in support of that motion.

**I. INTRODUCTION**

Plaintiff, Fund has brought this action against Defendants pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3).

The Fund asserts that based on the Subrogation provision set forth in the Fund's Summary Plan Description (hereinafter "Plan") it is entitled to equitable relief, in the form of a constructive trust or equitable lien, over funds held in trust

for the benefit of Rita L. Books, a covered dependent of a participant in the Fund, recovered from a third party as a result of a personal injury. The sole issue before the Court is whether the circumstances in this matter entitle Plaintiff to equitable relief as defined by the United States Supreme Court in <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204 (2002).

## II.   STATEMENT OF FACTS

Roger Books is, and at all relevant times was a participant in the Fund. See Affidavit of Dale O. Troll (hereinafter "Troll Affidavit") attached hereto as Exhibit 1 at paragraph 3. Rita Books is, and at all relevant times was Mr. Books' wife, and a dependent entitled to seek and receive plan benefits from the Fund. Troll Affidavit at paragraph 4. On or about May 20, 1998 Mrs. Books was injured in an automobile accident. See Subrogation Agreement attached hereto as Exhibit 2. Subsequent to the accident, Mrs. Books, as a dependent of Mr. Books, sought and received benefits provided by the plan as a result of the accident. Troll Affidavit at paragraph 5. Those benefits totaled $60,874.60. Troll Affidavit at paragraph 5.

The terms of the Plan require the subrogation of medical benefits paid to a participant or dependent, for which a third party is liable, and from whom an award or settlement is received. See Summary Plan Description attached hereto as Exhibit 3 at page 29. Mrs. Books received $650,000.00 in settlement of her personal injury claim. See Counterclaim on Behalf of Rita and Roger Books at paragraph 16; Troll Affidavit at paragraph 7. Upon learning of the settlement prior to filing this lawsuit, and after initial demand for equitable restitution, the

Fund began offsetting the payment of the Books' benefit claims against the amount owed pursuant to the terms of the Plan. Troll Affidavit at paragraph 6. At the time the action was filed, the amount offset totaled $3,479.00. Troll Affidavit at paragraph 10.

The Fund filed this action for declaratory judgment and injunctive relief on January 23, 2003. On January 29, 2003 the Court ordered $57,395.60[1], held in trust for the benefit of Mrs. Books by her attorney, Nathaniel Fick, to be remitted to the Clerk of Court to be held in an interest bearing, federally insured account pursuant to further order. The Defendants collectively have filed one Answer, two Amended Answers and a Counterclaim to Plaintiff's Complaint.[2] The Fund seeks imposition of a constructive trust or equitable lien over the money held in trust for the benefit of Rita L. Books as appropriate equitable relief to redress a violation of employee benefit plan terms pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

### III. STANDARD FOR SUMMARY JUDGMENT

It is well settled that summary judgment should be granted when there exists no genuine dispute as to any material fact, such that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The movant is not required to present evidence; it is required only to point out the lack of any genuine dispute as to any material fact.

---

[1] This amount represents the difference between the benefits paid on behalf of Mrs. Books and the amount offset.
[2] Neither of the Amended Answers conformed to the requirements Local Rule 103.6 and the Second Amended Answer failed to conform to the requirements of Rule 15 of the Federal Rules of Civil Procedure. The Fund is filing, in conjunction with this motion and supporting memorandum, a Motion to Dismiss, or in the Alternative, a Motion for Summary Judgment, in response to Defendants' Counterclaim.

Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). In the instant case, there is no genuine dispute as to any material fact. Defendants raise several issues in their various Answers, but despite all of their posturing, Defendants do not dispute the material facts. The dispute between the parties is purely a matter of interpretation of a growing body of federal common law under ERISA, related to the application of Section 502(a). As such, this case is ripe for adjudication on the pleadings, and the Fund is entitled to judgment as a matter of law.

## IV.   ARGUMENT

### The Fund is Entitled to Equitable Restitution in the Form of a Constructive Trust Over Property Belonging in Good Conscience to Plaintiff Pursuant to Section 502(a)(3) of ERISA

"ERISA is a comprehensive and reticulated statute, the product of a decade of congressional study of the Nation's private employee benefit system." Mertens v. Hewitt Associates, 508 U.S. 248 at 251 (1993)(internal quotations omitted). The courts, therefore, are unwilling to infer causes of action outside of the "detailed enforcement scheme" set forth in the statute by extending remedies not specifically authorized by Congress. Id. at 254 (citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 146-147). Section 502(a)(3) provides a cause of action for a fiduciary to obtain appropriate *equitable relief* to enforce the terms of its plan. 29 U.S.C. § 1132(a)(3)(B)(ii) (emphasis added). The courts have interpreted the term "equitable relief" to mean "those categories of relief typically available in equity." Mertens 508 at 256.

In Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002), the Supreme Court interpreted "appropriate equitable relief" as it is used in

Section 502(a)(3) to afford a limited cause of action for plan fiduciaries to enforce plan terms. The Court went to great lengths to explain the archaic distinctions between legal and equitable remedies and their respective applications in modern jurisprudence. 534 U.S. 204.

Great-West involved Janette Knudson ("Mrs. Knudson"), a woman who was injured in a car accident for which a third party was liable. The insurance company, Great-West Life & Annuity Ins. Co. ("Great-West") extended medical benefits for treatment of injuries arising from Mrs. Knudson's automobile accident in the amount of $411,157.11. Id. at 207  Mrs. Knudson recovered $650,000.00 for the third party responsible for her injury. Id.  Great-West sought to enforce the terms of its plan's reimbursement provision to recover the benefits paid on Mrs. Knudson's behalf from Mrs. Knudson after her settlement with the party responsible for her injury. Id.

Great-West filed suit against Mrs. Knudson. Id.  The funds in question, however, were not held by Mrs. Knudson, but by an unrelated Special Needs Trust. Id. at 207. As a result, the Court found that the remedy Great-West was seeking was legal rather than equitable. According to the Court, Great-West was attempting to impose personal liability on Mrs. Knudson for a contractual obligation. Id. at 210  Legal remedy is not a remedy available to fiduciaries seeking to enforce the terms of their plan according to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Id. at 209.

Specifically, Justice Scalia, in delivering the opinion of the Court, explained that equitable relief is available in the form of a constructive trust

"where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. at 213 (citations omitted).  Justice Scalia distinguished equitable relief from the legal relief the petitioners sought which was deemed to impose a contractual obligation of personal liability to pay money due.  Id. at 212-213.

In the present case, Plaintiff seeks to obtain appropriate equitable relief to enforce the terms of its plan pursuant to Section 502(a)(3) of ERISA.  That relief, according to the Supreme Court, is only available in an action brought against particular funds or property in a particular defendant's possession, that belong in good conscience to the plaintiff.

Indeed, since the Supreme Court's decision in Great-West, several courts have found, in applying the Court's holding, that the imposition of a constructive trust or equitable lien on funds that are identifiable, in the possession of the defendant and belong in good conscience to the plaintiff, constitutes an equitable remedy permitted by the terms of Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).  IBEW-NECA Southwestern Health & Benefit Fund v. Souhitt, 211 F.Supp. 2d 812 (N.D. Tex. 2002); Bauer v. Gylten, 27 Empl. Ben. Cas. 2580, 2002 WL 664034 (D. N.D. 2002);  Great-West Life and Annuity Ins. Co. v. Brown, 192 F.Supp. 2d1376 (M.D. Ga. 2002).

Specifically, the Fourth Circuit had occasion to consider the question shortly after the decision in Great-West was rendered.  In In re Carpenter,  Ms. Carpenter, a participant in the Wal-Mart Group Health Plan ("Health Plan"), was injured in an automobile accident.   36 Fed. Appx. 80, 81, 28 Empl. Ben. Cas.

6

2043, 2002 WL 1162277 (4th Cir. 2002). The Health Plan had a subrogation provision requiring the reimbursement of benefits paid on the behalf of a participant, for which a third party is liable, from any recovery from such third party. Id. Ms. Carpenter's medical expenses exceeded $300,000.00 of which the Health Plan paid $106,935.11. Overwhelmed by her medical bills, Ms. Carpenter filed for bankruptcy protection. Id. Subsequent to her filing, Ms. Carpenter received $125,000.00 in settlement from the third-party responsible for her injuries. Id. at 82. The Health Plan filed an adversary proceeding seeking a declaratory judgment that it had an equitable lien on the proceeds of the settlement. Id. The Bankruptcy Court found in favor of the Health Plan, and the District Court affirmed. Id. Ms. Carpenter appealed to the Fourth Circuit. Id.

The Fourth Circuit, citing the reasoning of Great-West, found that the Health Plan sought an equitable lien on particular property held by the defendant, belonging in good conscience to the plaintiff which constituted equitable relief as authorized by Section 502 (a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

In addition, the United States District Court for the District of Columbia recently addressed the issue in a motion to dismiss. In Primax Recoveries, Inc. v. Lee, a recovery agent for a plan administrator brought an action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132 (a)(3) for reimbursement of medical expenses recovered by a participant from the third-party responsible for her injuries. ___ F.Supp.2d____, 2003 WL 1961349 (D. D.C. 2003). Judge Friedman explained, as the Supreme Court pointed out in Great-West, that restitution can be either an equitable remedy or a legal remedy depending on the

7

basis for the claim and the nature of the remedy sought. Id. at 3 (citing Great-West, 534 at 213-214. Where money or property sought has been dissipated, plaintiff's claim is legal, seeking to impose personal liability on the defendant. Id. Where money or property can be clearly traced to particular funds in the defendant's possession, and can be identified as belonging in good conscience to the plaintiff, the claim sounds in equity. Id., citing Great West, 534 at 213.

The fiduciaries of the Fund brought this civil action for appropriate equitable relief to enforce plan terms for the benefit of all participants in the Fund as required by ERISA. Specifically, ERISA provides "that fiduciaries shall discharge their duties with respect to a plan 'solely in the interest of the participants and beneficiaries.'" Pegram v. Herdrich, 503 U.S. 211, 223 (2002)(citing 29 U.S.C. § 1104(a)(1)). These duties are to be carried out for the "exclusive purpose of (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan." Id. at 224. In enumerating such a definition of fiduciary duty, Congress invoked the common law of trust to define fiduciaries' authority and responsibility. Id. at 224 (citing Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, 472 U.S. 559, 570 (1985). In order to satisfy this mandate, the fiduciaries of the Fund are required to collect amounts due under the terms of the plan for the benefit of *all participants and beneficiaries*. The terms of the Medical Fund's SPD explain that the Medical Fund will pay claims that arise as a result of an accident for which a third party is liable, on the condition, however, that the Medical Fund is reimbursed from the proceeds of any settlement between the

participant (and/or the participant's dependents) and the culpable party. Obviously, a participant's recovery of medical expenses from a third party that he or she did not incur, is unjust enrichment.

Similar to all entities that provide health benefits to employees or participants, the Medical Fund has recently experienced exponential increases in the costs associated with providing quality health care. Many health funds are forced to reduce benefits in order to combat skyrocketing prescription drug and health care costs. The Subrogation provision of the Medical Fund's SPD serves the purpose of recovering money for benefits conferred for which a third party is liable that rightfully belongs to the Medical Fund for the benefit of all beneficiaries. A participant is not entitled to receive benefits from the Medical Fund, recover those expenses from a third party, and then retain those funds. When one member is unjustly enriched by violating the terms of the Plan by failing to reimburse the Medical Fund for benefits paid on the participant's or dependent's behalf for which a third party was liable, the Medical Fund, and more importantly, its beneficiaries, suffer.

In the present case, Plaintiff has a right to subrogation as set forth in the terms of the Plan. See Summary Plan Description at page 29. The action taken by the Fund to enforce the terms of its plan constitutes a request for equitable relief as prescribed by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Funds seek to impose a constructive trust or equitable lien, over funds held by Defendant Nathaniel Fick, P.C. Client Trust Account, clearly identifiable as proceeds from the settlement between Mrs. Books and the third party liable for

her injuries. Those funds belong in good conscience to Plaintiff, for the benefit of all beneficiaries of the trust.

### V. CONCLUSION

In Great-West the Supreme Court annunciated a specific set of circumstances in which an ERISA governed health fund, by and through its fiduciary, could obtain equitable relief to enforce plan terms. Those circumstances are all present in this case. Nathaniel Fick, P.C. Client Trust Account is in possession of money or property that can be clearly identified as proceeds from the settlement between Rita L. Books and the third party responsible for her injuries. Further, those funds, pursuant to the terms of the Plan, belong in good conscience to the Plaintiff. Therefore, the constructive trust or equitable lien that Plaintiff seeks to impose constitutes an equitable remedy permitted by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

There is no dispute as to the material facts, and Judgment should be entered, as a matter of law, in favor of the Fund against Defendants in the amount of $57,395.60.

Respectfully submitted,

_____
Kimberly L. Bradley
Bar No. 23653

_____
Corey Smith Bott
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990

Attorneys for Plaintiff