IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, | * |
| Plaintiff, | * |
| v. | * Civil Action No. MJG 03-219 |
| RITA L. BOOKS, et al., | * |
| Plaintiffs. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
ITS MOTION TO DISMISS THE COUNTERCLAIM OF ROGER AND RITA BOOKS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff, Plumbers & Steamfitters Local 486 Medical Fund, by its attorneys Kimberly L. Bradley, Corey Smith Bott, and Abato, Rubenstein and Abato, P.A., respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss Defendants' Counterclaim, which Motion was filed contemporaneously herewith.

**INTRODUCTION**

Plaintiff, Plumbers & Steamfitters Local 486 Medical Fund ("the Fund") filed an action against Defendants for equitable relief pursuant to Section 502 (a)(3) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3). The Fund filed a Motion for Summary Judgment on its claim for equitable relief on June 23, 2003. On June 19, 2003, a few days prior to filing its Motion

for Summary Judgment, Plaintiff received a copy of a Counterclaim against the Fund filed by Defendants Roger and Rita Books.

The Counterclaim alleges three causes of action against the Medical Fund, (breach of contract, fraud and intentional infliction of emotional distress), which are purportedly related to the Fund's claim for equitable relief.  Counterclaim, pp. 5-9.  The Counterclaim is deficient in many respects, most notably in its failure to state a claim upon which relief may be granted and its failure to establish subject matter jurisdiction over the state common law claims asserted by Defendants against an ERISA health and welfare fund.  For these reasons, the Counterclaim should be dismissed with prejudice, or alternatively, Plaintiff Medical Fund should be awarded summary judgment on all Counts of the Counterclaim.

## ARGUMENT

I.   **STANDARD OF REVIEW OF THIS MOTION**

   A.   **Motion to Dismiss**

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must view the well-pleaded material allegations in a light most favorable to the complainant.  See Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997).  However, the Court is "not bound to accept [Defendants] conclusory allegations regarding the legal effect of the facts alleged." United Mine Workers v. Wellmore Coal Corp., 609 F.2d 1083, 1085-1086 (4th Cir. 1979).  The Fourth Circuit has held that the purpose of a Rule 12(b)(6) motion is to offer a mechanism for testing the legal sufficiency of the [counterclaim], not the facts that support it.  See Neitzke v. Williams, 490 U.S. 319, 326-327 (1989); Randall v. United

States, 30 F.3d 518, 522 (4th Cir. 1994). This Court may dismiss the Counterclaim for failure to state a claim only if it appears, as a matter of law, that no set of facts Defendants might prove would entitle them to relief under any legal theory. Keeler v. Mayor & City Council of Cumberland, 928 F. Supp. 591 (D. Md. 1996).

This Court has held that a "complaint may be dismissed as a matter of law if it lacks a cognizable legal theory, or it alleges insufficient facts under a cognizable legal theory." Tofighbakhsh v. Potomac Elec. Power Co., 2000 WL 1468737, 25 EBC 1476 (D. Md.) (Civ. No. AW-00-1026). In Tofighbakhsh, a plaintiff sued an ERISA pension plan under common law claims of breach of contract, fraud and misrepresentation. Id. at p. 2. This Court found that even construing the facts of the case in the light most favorable to the plaintiff, the complaint was "not legally sufficient." Id. at p. 3. This ruling was based partly on the doctrine of ERISA preemption, which is discussed infra in Section III. Id. at p. 4. See also, Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (Rule 12(b)(6) authorizes a court to dismiss a complaint on a dispositive issue of law).

B. **Motion for Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Where, as here, the nonmoving party will bear the ultimate burden of persuasion on the Counterclaim at trial, "the burden on the moving party [at the summary judgment stage] may be discharged by 'showing' -- that is, pointing out to the

district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). One of the purposes of Rule 56 is to require a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to come forward with some minimal facts to show that a defendant may be liable under the claims alleged. See Fed.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." Catrett, 477 U.S. at 322-323.

> In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id.

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The "mere existence of a scintilla of evidence in support of [the claimants'] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Moreover, only disputed issues of material fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248.

In the absence of the necessary minimal showing by the Books that the Medical Fund may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial.  See Catrett, 477 U.S. at 323-324; Anderson, 477 U.S. at 256-257.

Indeed, the Fourth Circuit has stated that, with regard to motions for summary judgment, the district courts have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial."  Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting Catrett, 477 U.S. at 323-324).

As shown below, applying the substantive law to the facts, the Counterclaim fails to establish subject matter jurisdiction, and fails to state a claim for relief upon which relief can be granted.  As such, the Counterclaim should be dismissed.  Alternatively, there are no genuine issues of material fact, and the Medical Fund is entitled to judgment as a matter of law.

## II.     THE COUNTERCLAIM FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION OVER THE BOOKS' STATE LAW CLAIMS

Counts One through Three of the Counterclaim allege three state common law claims: breach of contract, fraud, and intentional infliction of emotional distress.  None of these claims present a federal question.  Thus, Defendants' Counterclaim fails to state the most basic requirement - the jurisdictional basis upon which the Court may hear the matter.  Plaintiffs have asserted no jurisdictional allegations which explain how the Court is empowered to hear this state law claim.  There is no allegation of diversity jurisdiction under 28 U.S.C. § 1332.  Moreover, diversity jurisdiction is not applicable in this case.  The decisions interpreting the diversity statute require complete diversity of

5

citizenship between the parties, which is not present in this case because Plaintiff and all Defendants are residents of the State of Maryland. <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284 (11th Cir. 1998).

Defendants have simply included several state law claims in an existing federal suit without alleging any basis whatsoever for their right to relief from this Court. The jurisdictional allegations in Defendants' Counterclaim are patently deficient: "The amount claimed in this counterclaim exceeds any required jurisdictional amount for jurisdiction in the Federal District Courts." Counterclaim, ¶ 4. This inadequate attempt to identify the Court's jurisdiction over this matter wastes the Court's time and wastes Plaintiff's time in defending a Counterclaim which does not include the simple basic tenets of a federal lawsuit. If Defendants intended to allege diversity of citizenship, which implicates the amount in controversy, it should have done so. Of course, that allegation could not have been made because all parties reside in the State of Maryland. If Defendants intended to allege a federal question, they were required to state the statutory basis for that federal question. Of course, the allegations in the Counterclaim do not present a federal question under ERISA or any other federal law of which the Medical Fund is aware. Defendants' Counterclaim is fatally flawed, and there is no subject matter jurisdiction over the Counterclaim. Therefore, Defendants' pleading should be dismissed.

### III. THE COUNTERCLAIM FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED BECAUSE THE CLAIM IS PREEMPTED BY ERISA

Section 514(a) of ERISA preempts all state laws insofar as they "relate to" any employee benefit plan covered by the Act. 29 U.S.C. §1144(a). Other pleadings filed in this matter, as well as the Affidavit of Dale Troll, attached hereto as Exhibit 1, clearly

demonstrate that the Medical Fund is an ERISA welfare fund, governed by that federal statute. 29 U.S.C. § 1002(3). Moreover, Defendants make no allegations regarding the legal status of the Medical Fund, which is a matter of public record, and therefore, there is no dispute that the Medical Fund is an ERISA welfare plan established or maintained for the purpose of providing benefits to all participants and beneficiaries covered by the plan. Id. The public record filings of all ERISA-governed plans are cataloged at www.freeerisa.com. The public record filing of the Medical Fund may be found *at*

http://www.freeerisa.com/5500/PlanDetail.asp?ein=521059733&plan=501&year=2000&mainID=5451537.

Moreover, Defendants repeat the mantra in their Counterclaim that Mr. Books has been paying premiums to the Medical Fund through payroll deductions. Counterclaim, pp. 5-9. However, the Medical Fund does not accept employee premiums or copays because it is not an insurance company. More importantly, the collective bargaining agreement prohibits employee wage deductions for payment to the Medical Fund. See Affidavit of Ronald Wontrop, attached hereto as Exhibit 2. See Collective Bargaining Agreement, attached hereto as Exhibit 3. The collective bargaining agreement between the MCA of Maryland and Local Union No. 486 requires an employer to make contributions for its employees. Exhibit 2, ¶ 3; Exhibit 3, p. 8. The employers that contribute to the Medical Fund receive a tax deduction for the contributions that are paid to the Fund, as those payments are made from the general assets of each employer. Exhibit 2, ¶ 4. Moreover, the Medical Fund is not an

insurance company, but rather a tax-exempt trust fund, and does not accept premiums from employees.  See Form 5500 filing *at* http://www.freeerisa.com/5500/PlanDetail.asp?ein=521059733&plan=501&year=2000&mainID=5451537.

Thus, whatever unsupported allegations Defendants make regarding the status of the Medical Fund as some kind of insurance company or state-regulated group health plan that accepts premiums, those allegations cannot change the legal status of the Medical Fund, which has been a self-insured ERISA plan since ERISA became effective in 1976.  Those allegations also do not rise to the level of creating an issue of factual dispute, and therefore, the Counterclaim must be dismissed, or the Medical Fund be awarded summary judgment.

All of the Counts included in the Counterclaim allege state law tort and contract claims.  Defendants' Counterclaim, pp. 5-9.  "[S]tate law claims which relate to the administration of an ERISA-governed plan, but which arise under general state laws which themselves have no impact on employee benefit plans, fall within the scope of ERISA preemption."  Pomeroy v. Johns Hopkins Medical Services, Inc., 868 F. Supp. 110, 112 (D. Md. 1994) (citing Powell v. C & P Telephone Co. of Va., 780 F.2d 419, 421 (4th Cir. 1985), cert. denied, 476 U.S. 1170 (1986)).

In Pomeroy, this Court was faced with a similar factual situation, in that a participant filed claims against an ERISA plan, alleging state common law theories of liability, including intentional infliction of emotional distress.  In Pomeroy, this Court held that those claims were based upon "allegedly improper denials of medical benefits provided under the terms of the plan" and found that the "claims [were] centered on the parties' rights and duties under the plan."  868 F. Supp. at 112-113.  Although

8

Defendants in this case couched their claims in state common law terms of contracts and torts, like the plaintiffs in Pomeroy, this Court found that those claims were "integrally and inextricably related to the employee benefit plan." Id. at 114.

Similarly, in Tofighbakhsh, this Court dismissed that plaintiff's claims for breach of contract, misrepresentation, and fraud because those claims were preempted by ERISA. Memorandum Opinion, at p. 4. Accord, Elmore v. Cone Mills Corp., 23 F.3d 855, 863 (4th Cir. 1994). See also Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (the ERISA preemption provision is intended to be construed broadly); Metropolitan Life Ins. Co. v. Pettit, 164 F.3d 857 (4th Cir. 1998); Board of Trustees of Hotel and Restaurant Employees Local 25 v. Madison Hotel, Inc., 97 F.3d 1479, 1486-1487 (D.C. Cir. 1996).

This Court also addressed the issue of ERISA preemption of Maryland common law theories in a denial of benefits situation, and found that ERISA preempted a state law claim for intentional infliction of emotional distress, related to revocation of health benefits by an ERISA plan. Stiltner v. Beretta USA Corp., 844 F. Supp. 242 (D. Md. 1994), aff'd, 74 F.3d 1473 (4th Cir. 1996). In Stiltner, this Court granted summary judgment to the employer and its ERISA-governed health and disability plans upon a finding that ERISA preempted the employee's state law claims. 844 F. Supp. at 246. Moreover, the Fourth Circuit cited numerous other decisions supporting ERISA preemption of state law tort claims. Lopez v. Commonwealth Oil Refining Co., 833 F. Supp. 86, 89-90 (D.P.R. 1993); Lennon v. Walsh, 798 F. Supp. 845, 849 (D. Mass. 1992); Thomas v. Telemecanique, Inc., 768 F. Supp. 503, 506 (D. Md. 1991).

The case of Hampton Industries, Inc. v. Sparrow, 981 F.2d 726 (4th Cir. 1992), is directly on point with regard to the subrogation issue which is at the heart of this dispute. Sparrow involved an automobile accident in which the participant signed a subrogation agreement, but his spouse, who was injured in the accident, did not sign the subrogation agreement. The participant and beneficiary recovered from a third party, and refused to turn over the settlement proceeds to the ERISA plan, in violation of the plan's subrogation provisions. The District Court for the Eastern District of North Carolina granted the plan's motion for summary judgment, and held that the beneficiary was "bound to the terms of the Plan, specifically the subrogation clause, regardless of her failure to sign the subrogation agreement." 981 F.2d at 728. The Fourth Circuit affirmed the grant of summary judgment for the ERISA plan. Id. The Fourth Circuit also found that North Carolina's state statute relating to personal injury liens was preempted by ERISA, stating that "the Supreme Court has 'not hesitated to apply to ERISA preemption clause to state laws that risk subjecting plan administrators to conflicting state regulations." Id. at 729 (quoting FMC Corp. v. Holliday, 498 U.S. 52, 59 (1990)).

**IV.   COMPENSATORY AND PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER ERISA**

As discussed in Section II, supra, it is clear that Defendants' state law tort and contract claims are subject to complete preemption by ERISA. Any claims that a participant or beneficiary may bring related to the administration of a self-insured ERISA welfare fund must be brought under Section 502 of ERISA, 29 U.S.C. § 1132. The great weight of authority excludes compensatory and punitive damages from ERISA claims. In Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985), the U.S. Supreme Court held that relief under ERISA inures to the benefit of the plan, or all plan

10

participants and beneficiaries - not to individual beneficiaries.  The damages sought by Defendants in this case presumably are sought for the Books individually, and therefore those damages are prohibited by ERISA.  See also Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Reinking v. Philadelphia American Life Ins. Co., 910 F.2d 1210 (4th Cir. 1990); Powell v. C & P Telephone Co. of Va., 780 F.2d 19 (4th Cir. 1985), cert. denied, 476 U.S. 1170 (1986); Farrie v. Charles Town Races, Inc., 901 F. Supp. 1101 (N.D. W.Va. 1995).

This Court recently considered a plaintiff's claim for $600,000 in compensatory and punitive damages against an ERISA plan.  Estate of Mattern v. Honeywell Int'l., Inc., 241 F. Supp.2d 540 (D. Md. 2003).  In Mattern, the deceased participant's beneficiaries sued Honeywell's retirement plan when it paid benefits to the deceased's estate, rather than directly to the beneficiaries.  In finding in favor of the ERISA plan on summary judgment, this Court stated that courts should be "reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text."  241 F.Supp.2d at 542 (quoting Great-West Life & Annuity Ins. Co. v. Knudson, 543 U.S. 204 (2002) (other citations omitted)).  The Court also noted that because the damages requested would not inure to the benefit of the plan, and did not constitute equitable relief, the suit was inappropriate under ERISA.  241 F.Supp.2d at 543.   See also Broadnax Mills, Inc. v. BCBS of Va., 876 F. Supp. 809 (E.D. Va. 1995) (extracontractual and punitive damages are not available under ERISA).

### V. A JURY TRIAL IS NOT AVAILABLE TO A PARTICIPANT UNDER ERISA

The majority view in the Fourth Circuit, as well as most other circuits, is that jury trials are not permitted under ERISA, primarily because of the statute's complex nature,

11

and the fact that any determinations related thereto are inherently equitable.  See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1006-1007 (4th Cir. 1985); Mattern, 241 F. Supp.2d at 542; Borst v. Chevron Corp., 36 F.3d 1308 (5th Cir. 1994); Turner v. CF & I Steel Corp., 770 F.2d 43 (3d Cir.), cert. denied, 474 U.S. 1058 (1986).  The rule is so well established that the district court in Farrie, supra, stated that "this Court cannot imagine what facts arising under ERISA would entitle a party to a jury trial in this circuit." Accord, Bursell v. Gen'l Elec. Co., 243 F.Supp.2d 460, 470 (E.D.N.C. 2003).  Based upon the unambiguous case law in this jurisdiction, Plaintiff Medical Fund respectfully requests that the request for jury trial be stricken, and that the Counterclaim be dismissed.

## VI. THE MEDICAL FUND IS ENTITLED TO ITS ATTORNEYS FEES IN DEFENDING THIS COUNTERCLAIM

This Court has the discretion to award attorneys' fees to the prevailing party on a motion to dismiss, or in the alternative, for summary judgment.  The Medical Fund believes the appropriate standard is the ERISA standard for award of attorneys' fees, as provided in Section 502(g) of ERISA, 29 U.S.C. § 1132(g).  Although Defendants did not file their Counterclaim under ERISA,  that is the federal statute that provides the structure for litigation involving ERISA plans.  Defendants' indifference to the requirements of federal subject matter jurisdiction and ERISA's statutory requirements, supports an award of attorneys' fees.  The factors to be considered in a discretionary award of attorneys' fees and costs are set forth in Johannsen v. District No. 1, Pacific Coast District, MEBA Pension Plan, 292 F.3d 159 (4th Cir. 2002): (1) degree of opposing parties' culpability or bad faith, (2) ability of opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing

parties would deter other persons acting under similar circumstances, (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and (5) the relative merits of the parties' positions. A review of those factors clearly demonstrates that Plaintiff Medical Fund is entitled to its attorneys' fees in defending this Counterclaim.

    (1) The Books' culpability is demonstrated by the multitude of federal court decisions which affirm the preemption provisions of ERISA in situations exactly like that presented by Defendants in their Counterclaim, as well by the clear and unambiguous language of the statute which expressly states that ERISA preempts all state laws insofar as they "relate to" any employee benefit plan covered by the Act. 29 U.S.C. §1144(a). The law is clear with regard to state common law tort and contract claims, that they are preempted by ERISA, and Defendants' failure to abide the statutorily mandated procedure should not be rewarded. (2) The Medical Fund believes that the Books' recovery of $650,000 from a third party in its state law tort case has generated more than enough money to satisfy an award of fees. (3) In the current health care environment in which participants and beneficiaries of self-funded medical plans have lost an unprecedented amount of money in their investment trusts, and in which numerous plans have been bombarded with increasing health care costs, the Court's affirmation of the ERISA preemption principles would deter other employees from trying to benefit themselves at the expense of all other participants and beneficiaries of the trust. (4) An award of attorneys' fees would relieve the Medical Fund's participants and beneficiaries from bearing the cost of the Books' unnecessary and unlawful attempt to

enrich their personal coffers by seeking compensatory and punitive damages which are not even available under ERISA. To require the Medical Fund to bear the cost of defending a frivolous and unfounded lawsuit, would result in an injustice to those participants and beneficiaries whom ERISA is designed to protect. (5) The merits of the parties' positions clearly favor the Medical Fund: the statutory language of ERISA is unambiguous in its provision of complete preemption of state law claims that "relate to" the plan, the overwhelming number of federal court decisions uphold the preemption provisions, and the number of federal court decisions which prohibit a plaintiff to seek compensatory and punitive damages. In contrast, the Books have no basis for their complete and utter disregard for ERISA's statutory framework, nor for their failure to set forth any allegations of federal court jurisdiction. These factors weigh heavily in favor of an award of attorneys' fees and costs to the Medical Fund.

## CONCLUSION

For the foregoing reasons, Plaintiff Plumbers & Steamfitters Local 486 Medical Fund respectfully requests that Counts I, II and III of the Counterclaim, which represent all of the Counts by Defendants against said Plaintiff, be dismissed with prejudice, or in the alternative, that summary judgment be entered in favor of Plaintiff Medical Fund on all Counts of the Counterclaim.

Respectfully submitted,

_____/s/_____
Kimberly L. Bradley
Bar No. 23653

_____/s/_____
Corey Smith Bott
Bar No. 25673
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court   Suite 320
Baltimore, Maryland  21286-2230
(410) 321-0990

Attorneys for Plumbers & Steamfitters
Local 486 Medical Fund

15