IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, | * | |
| Plaintiff, | * | |
| | * | Civil Action No. MJG 03-219 |
| v. | * | |
| RITA L. BOOKS, et al., | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF DALE O. TROLL

STATE OF MARYLAND )
                                ) To wit
CITY OF BALTIMORE )

Dale O. Troll, being duly sworn, deposes and says:

1. I, Dale O. Troll, am Administrator of the Plumbers and Steamfitters Local 486 Medical Fund ("the Fund"), Plaintiff in this action. My primary responsibility is to oversee the operation and administration of the Fund, including payment of health and welfare benefits, as well as collection of amounts owed to the Fund, pursuant to the terms of the Collective Bargaining Agreement, the Agreement and Declaration of Trust establishing the Fund ("Trust Agreement") and the Summary Plan Description ("Plan"). I have personal knowledge of the facts and matters referred to herein, am over the age of 18 years, and am authorized to make this affidavit on behalf of the Fund.

2. I have read the Motion for Summary Judgment and Motion to Dismiss in this action and know the contents thereof. I hereby verify that the facts contained in those Motions are true of my own knowledge.

3. At all relevant times, Roger Books was a participant in the Fund, and as such, was entitled to the receipt of certain benefits and was subject to the terms of the Plan governing the receipt of such benefits.

4. At all relevant times, Rita Books was a dependent of Roger Books, a participant in the Fund, and as such, was entitled to the receipt of certain benefits and was subject to the terms of the Plan governing the receipt of such benefits.

5. At all relevant times, the Plan provided for reimbursement by a participant or dependent of any benefits paid by the Fund for an injury for which a third party was liable, or for which a third party paid the participant or dependent through settlement.

6. The Fund paid benefits on Mrs. Books' behalf in the amount of $60,874.60 arising out of injuries allegedly sustained as a direct or indirect result of an accident that occurred on or about May 20, 1998.

7. Upon information and belief, Mrs. Books received a settlement in the amount of $650,000.00, well in excess of the amount paid by the Fund, over a year ago.

8. The Fund has made repeated demands that Mr. and Mrs. Books reimburse the Fund for medical benefits in the amount of $60,874.60 paid on the Mrs. Books' behalf.

9. Mr. and Mrs. Books have failed and refused to repay the Fund.

10. Pursuant to the terms of the plan and the internal administrative procedures of the Fund, the Fund began offsetting the payment of the Books' benefit claims against the amount owed. At the time the action was filed, the amount offset totaled $3,479.00.

11. At all relevant times, Roger Books has been employed by Denver-Elek, Inc.

12. Denver-Elek, Inc. ("Denver-Elek"), is signatory to a collective bargaining agreement with Local 486. The Collective Bargaining Agreement and Agreement and Declaration of Trust that establishes and governs the Fund provide for the rates of pay, wages, hours of employment and other conditions of employment for Denver-Elek's employees covered by said Collective Bargaining Agreement and Trust, and specifically provide for the payment of contributions by Denver-Elek to the Medical Fund in specified amounts per hour worked by each of Denver-Elek's employees covered by the Collective Bargaining Agreement.

13. The Fund does not accept wage deductions into the trust. Further, the Fund is not an insurance company, but rather a self insured health plan organized under the Employee Retirement Income Security Act of 1974, as amended.

14. The Fund is separate and distinct from Local Union No. 486 United Association of Apprentices & Journeymen in the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO (hereinafter "Local 486). The Fund is sponsored by its Joint Board of Trustees.

15. The Fund began offsetting the payment of the Books' benefit claims in October, 2002 pursuant to the terms of the Trust Agreement governing the Fund and internal administrative policies.

16. The policy regarding offsetting has been in effect for many years and has applied consistently to all participants.

17. The offsetting is implemented to protect the assets of the trust for the benefit of all participants and beneficiaries.

18. Mr. Books and his dependents continue to be covered participants and beneficiaries under the terms of the Plan.

\_\_/s/\*_____
Dale O. Troll, Administrator
Plumbers and Steamfitters Local 486
Funds and Related Entities

I HEREBY CERTIFY that on this 23rd day of June, 2003, before the undersigned, a Notary Public of the State of Maryland, personally appeared Dale O. Troll, who gave oath in due form of law that he has personal knowledge of and is competent to testify with regard to the facts recited in the within affidavit, and that the facts and matters recited herein are true and correct to the best of his knowledge, information and belief.

                                                                __/s/*_____
                                                                Jewel Morosko, Notary Public

My Commission Expires:

August 1, 2005

* Counsel hereby certifies that she has a signed copy of the foregoing document available for inspection at any time by the Court or a party to this action.