IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| PLUMBERS AND STEAMFITTERS LOCAL 486 MEDICAL FUND, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. MJG 03-219 |
| RITA L. BOOKS, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO DEFENDANTS' OPPOSITION TO <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Plumbers and Steamfitters Local 486 Medical Fund, by and through their attorneys Kimberly L. Bradley, Corey Smith Bott and the law firm of Abato, Rubenstein and Abato, P.A., filed a motion for summary judgment against Rita L. Books, Roger Books and Nathaniel Fick, P.C. Client Trust Account pursuant to Rule 56, Federal Rules of Civil Procedure on June 23, 2002.  Defendants filed a memorandum in opposition to Plaintiffs' motion for summary judgment on July 29, 2002.  Defendants' opposition failed to identify a genuine dispute as to any material fact. The Medical hereby replies to Defendant's opposition, and asserts that there are no genuine issues of material fact.  The Medical Fund is, therefore, entitled to judgment as a matter of law in the amount of $57,395.60.

**ARGUMENT**

Rule 56 of the Federal Rules of Civil Procedure requires a court to grant summary judgment in favor of the moving party if that party demonstrates that there is no genuine issue as to any material fact, and that the party is entitled to judgment as a matter of law.  See Fed.R.Civ.P. 56(c), Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001).  A properly supported motion for summary judgment cannot be defeated by mere allegation of factual dispute.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  Specifically, the party opposing a motion for summary judgment must present specific facts showing a genuine issue for trial.  Id. at 256.

In this case, Defendants present no evidence or argument contradicting the fact that Rita Books, a beneficiary of the Medical Fund, received benefits in the amount of $57,395.60 as a result of her accident on May 20, 1998.  See, Affidavit of Dale O. Troll, attached to Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment (hereinafter "Summary Judgment Memorandum") as Exhibit 1, at paragraphs 6 and 10.  Further, Defendants admit that $637,500.00 was recovered from a third party as a result of those injuries.  See, Defendants' Memorandum in Opposition to Motion for Summary Judgment of Plumbers and Steamfitters Local 486 Medical Fund (hereinafter "Opposition") at page 6.  Finally, Defendants admit that the Medical Fund has presented an equitable cause of action under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(3) as interpreted by the United States Supreme

Court in <u>Great-West Life & Annuity Ins. co. V. Knudson</u>, 534 U.S. 204 (2002). <u>See</u>, Opposition at pages 9 and 10. The only issues alleged by Defendants to defeat Plaintiff's motion for summary judgment are the erroneous assertions that the Medical Fund has "restricted its subrogation rights to the covered employee only", and that the Medical Fund is subject to the "make-whole" rule.

**I.    THE TRUSTEES HAVE THE AUTHORITY AND DISCRETION TO INTERPRET THE TERMS OF THE PLAN**

Defendants argue that the terms of the Summary Plan Description ("SPD") setting forth the Plan's right to subrogation only apply to the participant, and not the dependents of the participant. This argument is in direct contravention of the Trustees' interpretation of their SPD. The relevant plan language is as follows:

> **SUBROGATION**
> If you or one of your Dependents and/or Dependent Parent(s) is injured directly or indirectly by a third party, the Plan will pay covered benefits as usual. If you recover damages from an insurance company or from the third party as a result of a settlement or award for the Injury, the Plan must be reimbursed for any expenses that it paid in connection with the Injury.

<u>See</u>, Plumbers and Steamfitters Local 486 Summary Plan Description attached to Plaintiffs' Summary Judgment Memorandum as Exhibit 2 at page 29.

Specifically, Defendants' argue that using the word "you" in the second sentence limits the Medical Fund's right of subrogation to the participant only, rather than applying to both participants and dependents as specified in the immediately preceding sentence. Defendants' interpretation of the Subrogation provision is not only incorrect, it is irrelevant.

3

The SPD gives the Trustees of the Medical Fund plenary discretion to interpret plan terms.  The SPD states in relevant part:

**BOARD OF TRUSTEES' DISCRETION**

> The Board of Trustees had full and exclusive authority and discretion to determine all questions of coverage, eligibility for entitlement to benefits, methods of providing or arranging for benefits and other related matters.

See, SPD attached to Plaintiff's Summary Judgment Memorandum as Exhibit 2 at page 33.

The case law in this and other jurisdictions supports the Trustees' authority to interpret the governing document that they are charged with administering.  It is well settled that

> Where discretion is conferred upon the trustee with respect to the exercise of power, its exercise is not subject to control by the court except to prevent an abuse by the trustee of his discretion.

Booth v. Wal-Mart Stores, Inc., 201 F.3d 335, 341 (4th Cir. 2000)(citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989)).  Further, a trustee's decision, if reasonable, should not be disturbed regardless of whether the Court would have reached a different conclusion.  See, Id.; de Nobel v. Vitro Corp., 885 F.2d 1180, 1185-86 (4th Cir. 1989).

The Trustees of the Medical Fund have uniformly interpreted the subrogation provision to apply to both participants and dependents.  This interpretation is reasonable and consistent with their fiduciary duty to administer the plan in accordance with its terms for the benefit of all participants and

4

beneficiaries. As such, the Trustees' interpretation is given deference, in accordance with the law.

## II. THE MEDICAL FUND IS NOT SUBJECT TO THE "MAKE-WHOLE" DOCTRINE

Defendants mistakenly contend that the "make-whole" doctrine prohibits the Medical Fund from enforcing its right to subrogation. In support of their contention, Defendants cite numerous inapplicable state court cases interpreting insurance plan provisions. Further, Defendants cite federal cases from the 9th and 11th Circuits in which federal common law was imported to impose the "make-whole" doctrine on subrogation provisions of ERISA funds in which the plan language did not specifically provide for recovery of the first dollar recovered by plan participants. Defendants, failed, however, to reconcile those cases with cases in a majority of the other circuits that have found no need to import federal common law to plan provisions similar to those in the present case.

In contrast to insurance contracts, in which a majority of state courts have interpreted silence as ambiguity that must be construed in the insured's favor, ERISA creates the opposite presumption. Harris v. Harvard Pilgrim Health Care, Inc. 208 F.3d 274, 278 (1st Cir. 2000). ERISA plan provisions are not required to explicitly rule out every possible contingency in order to be deemed unambiguous. Id. In fact, SPD provisions are required to be written in ordinary terms, easily understood by the average employee and not in "verbose 'legalese.'" Sunbeam-Oster Co., Inc.v. Whitehurst, 102 F.3d 1368, 1370 (5th Cir. 1996), 29 U.S.C. § 1022(a)(1).

5

"In enacting ERISA, Congress intended for the judiciary to develop a body of federal common law to supplement the statute's express provisions." United McGill Corp. v. Stinnett, 154 F.3d 168, 171 (4th Cir. 1998)(citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 56 (1987).  This authority, however, should be limited only to situations in which importation of federal common law is necessary to effectuate the purposes of ERISA.  Id. (citing Singer v. Black & Decker Corp., 964 F.2d 1449, 1452 (4th Cir. 1992)).  Such a necessity is not present in this case.

> Where an ERISA plan requires – without qualification – that plan participants reimburse the plan for benefits paid the plan should not be construed to depend upon an implied contingency such as the "make-whole" doctrine, particularly since ERISA specifically envisions that covered plans be written in straightforward language comprehensible by the average plan participant.  Sunbeam-Oster, 102 F.3d at 1374-75.  In such circumstances, "the absence of more particularized and technical legal language addressing the partial recovery situation cannot be grounds for supplanting the Plan Priority rule."  Id. at 1376.

Harris, 208 F.3d at 280.

In the present case, the Medical Fund's plan language regarding subrogation is unambiguous.  The Medical Fund is entitled to reimbursement of "any expenses that it paid in connection with the Injury."  See, SPD attached to Plaintiff's Summary Judgment Memorandum as Exhibit 2 at page 29.  To import federal common law to interpret unambiguous plan terms would frustrate the purpose of the statute, which is to protect benefits for all participants, and not to permit windfalls to certain participants at the expense of others.

6

Indeed, the objectives of ERISA could be disserved by employing the "make-whole" rule.  Id.  Although Mr. and Mrs. Books, individually, may benefit from the rule, the costs would be borne by all other plan members.  Id. 280-81.

The Defendants point out that this is not matter of first impression for this Court.  See, Paris v. Iron Workers Trust Fund, 44 F. Supp. 2d 747 (D. Md. 1999), aff'd, 211 F.3d 1265 (table), 24 Empl. Ben. Cas. 2547, (4th Cir. 2000), 200 WL 384036, cert. denied, 121 S.Ct. 181, 24 Empl. Ben. Cas. 3016 (2000) (No.00-94).  Although Defendants are quick to dismiss Paris as not binding on the Court as a result of an unpublished 4th Circuit affirmation, they fail to distinguish the present case from that in Judge Smalkin's well-reasoned decision.  Perhaps this failure to distinguish occurs because the matters are identical.

The Court is prevented from importing federal common law to interpret unambiguous plan language.  Paris, 211 F.3d 1265 at 2.  In the present case, the plan language is unambiguous.  As such, the Medical Fund is not subject to the "make-whole" doctrine, and is not precluded from recovery under is subrogation provision.

Defendants' dispute as to whether the Medical Fund is subject to the "make-whole" rule is a matter of law.  Only disputes over *facts* affecting the outcome of the litigation under the governing law will preclude the entry of summary judgment.  Anderson, 477 at 248 (emphasis added).

In considering a motion for summary judgment, the Court is required to draw any permissible inferences regarding the underlying facts in a light most favorable to the non-moving party.  Matsushita Elec. Indus. Co. Ltd. v. Zenith

7

Radio Corp., 475 U.S. 574-587-88, Heneson v. Liggett Group, Inc., 61 F.3d 270 (4th Cir. 1995) (citing Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 233 (4th Cir. 1991)).  In this case, the Defendants present no evidence to the contrary that Rita Books received medical benefits in the amount of $57,395.60 from the Medical Fund as a result of her accident of May 20, 1998.  Further, Defendants admit that $637,500.00 was received from a third party as a result of those injuries.  Finally, Defendants concede that the Medical Fund has stated a proper cause of action under Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3) as interpreted by the Supreme Court in Great West.  534 U.S. 204.  Even construed in the light most favorable to Defendants, these material facts, and the applicable law, are not in dispute, and entitle the Plaintiff to Judgment as a matter of law in the amount requested in their motion for summary judgment.

## CONCLUSION

The affidavit and governing documents of the Medical Fund filed with Plaintiff's motion for summary judgment, coupled with Defendants' opposition to Plaintiffs' motion for summary judgment demonstrate that the $57,395.60 in the Defendants' possession can be identified as belonging in good conscience to the Plaintiff.  Defendants have failed to create any genuine issue of material fact.  As a matter of law, the Medical Fund is entitled to subrogation of amounts paid for the benefit of Rita L. Books in relation to the injuries suffered as a result of her accident of May 20, 1998 that were recovered from a third party and deposited into an identifiable account.  For these reasons, the Medical Fund is entitled to Judgment in the amount of $57,395.60 plus attorneys' fees and costs, and

respectfully moves this Court to enter Summary Judgment in its favor against Defendants.

<u>August 15, 2003</u>        <u>/s/</u>
Date        Kimberly L. Bradley
   Bar No. 23653


   <u>/s/</u>
   Corey Smith Bott
   Bar No. 25673
   Abato, Rubenstein and Abato, P.A.
   809 Gleneagles Court, Suite 320
   Baltimore, Maryland 21286
   (410) 321-0990

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of August, 2003, I caused to be mailed, first class, postage prepaid, a copy of the foregoing Memorandum of Points and Authorities in Reply to Defendant's Opposition to Plaintiffs' Motion for Summary Judgment to the following:

   Nathaniel Fick, Esquire
   1426 East Joppa Road
   Towson, Maryland 21286-5982

   Attorney for Defendant

   <u>/s/</u>
   Corey Smith Bott